**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4512**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COLE BLACK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-28; CR-04-29)

Submitted:  July 29, 2005          Decided:  August 18, 2005

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cole Black pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(d) (2000), and was sentenced to a term of seventy-eight months imprisonment. Black appeals his sentence, contending that his sentence is unconstitutional under United States v. Booker, 125 S. Ct. 738 (2005), because the district court made factual findings in determining his offense level and criminal history. We affirm.

The factual basis for Black's guilty plea stated that he robbed two banks in January 2004, and in both robberies displayed what appeared to be a firearm. Black later identified the weapon as a BB gun. Without objection from Black, the district court set the base offense level for each robbery at 20, U.S. Sentencing Guidelines Manual § 2B3.1(a) (2003), and added two levels because the property of a financial institution was taken. USSG § 2B3.1(b)(1). The court added a three-level enhancement for brandishing a dangerous weapon in the first robbery, USSG § 2B3.1(b)(2)(E), and a four-level enhancement for otherwise using a dangerous weapon in the second robbery. USSG § 2B3.1(b)(2)(D). Application of the grouping rules, see USSG §§ 3D1.3—3D1.4, yielded a combined adjusted offense level of 28. The court then gave Black a three-level adjustment for acceptance of responsibility, to arrive at a final offense level of 25. With five criminal history points, Black was in criminal history category III. His guideline

- 2 -

range was 70-87 months.  The court imposed a sentence of seventy-eight months imprisonment.

Black first argues that the calculation of his offense level was unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), and Booker, because the enhancements for use of a dangerous weapon were based on uncharged facts not admitted by him. Because he did not raise this issue in the district court, our review is for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To establish error, Black must show that the court imposed a guideline sentence greater than the maximum authorized by the facts he admitted.  Booker, 125 S. Ct. at 746, 756; Hughes, 401 F.3d at 546-47.  By agreeing to the accuracy of the factual basis at his guilty plea hearing, Black admitted all the facts on which the sentence enhancements were based except for the four-level enhancement for having "otherwise used" a dangerous weapon in the second robbery.  Had he received a three-level enhancement for brandishing a dangerous weapon in both robberies, his combined adjusted offense level would have been 27 rather than 28.  With criminal history category III, the guideline range that would have applied, before application of the adjustment for acceptance of responsibility, was 87-108 months.  Black's sentence of 78 months imprisonment thus did not exceed the maximum sentence

that could have been imposed based on facts he admitted.[*] Therefore, no Sixth Amendment violation occurred. <u>United States v. Evans</u>, ___ F.3d ___, 2005 WL 1705531, at \*1 & n.4 (4th Cir. July 22, 2005). Because Black has not shown that an error occurred, resentencing is not required.

To the extent that the letter Black filed under Fed. R. App. P. 28(j) claims error in that he was sentenced under a mandatory guideline system, the issue is reviewed for plain error, and Black has the burden of showing that the error affected his substantial rights. <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005). Because there is no indication in the record that the district court would have imposed a lower sentence under an advisory guideline system, Black cannot make the necessary showing. <u>Id.</u> at 224-25.

Next, Black contends that the computation of his criminal history was unconstitutional because the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of <u>Blakely</u>. He argues that, even if the prior conviction exception laid out in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), is still good law, it must be narrowly applied, limited to

_____

[*]With the three-level reduction for acceptance of responsibility granted by the district court, the guideline range would have been 63-78 months.

the <u>fact</u> <u>of</u> a prior conviction, and not extended to included any <u>fact</u> <u>about</u> a prior conviction.

In <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts <u>about</u> a prior conviction that are not evident from "the conclusive significance of a prior judicial record." <u>Id.</u> at 1262-63. However, Black did not contest his criminal history; therefore, the district court did not consider any facts he had not admitted, and the court's determination of his criminal history did not violate the Sixth Amendment. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515 (4th Cir. 2005) (finding no Sixth Amendment violation where nature and separateness of predicate offenses for career offender status was undisputed); <u>cf.</u> <u>United States v. Washington</u>, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about prior conviction to determine that it was a crime of violence violated the Sixth Amendment). Therefore, Black cannot show error in the calculation of his criminal history.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>